UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOM R. NILES,

    Plaintiff,

v.

ILLINOIS DISTRIBUTING COMPANY,

    Defendant.

Case No. 07-cv-511-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Illinois Distributing Company's Motion to Dismiss (Doc. 4). Plaintiff Tom R. Niles (Niles) has Responded (Doc. 9) and Illinois Distributing Company (IDC) has Replied (Doc. 10). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 4).

**BACKGROUND**

Niles brought this claim for vacation pay owed him by IDC. At the time this claim arose, Niles was an employee of IDC and a member of the bargaining unit represented by Teamsters Local Union Number 50 (Local 50). The Collective Bargaining Agreement (CBA) in effect at the time that Niles's claim arose set forth the circumstances under which employees are entitled to vacation pay. The CBA provides for a mandatory grievance procedure which culminates in arbitration proceedings. Local 50 and IDC are currently processing Niles's claim using the procedure set forth in the CBA. Niles has not yet moved his grievance to arbitration; instead he commenced a civil action in small claims court in St. Clair County.

**ANALYSIS**

This is a suit alleging the breach of a collective bargaining agreement. Because Niles's claim requires analysis of the collective bargaining agreement itself, Niles's state claim is

preempted by the Labor Management Relations Act.  29 U.S.C. § 185; *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 n.10 (1988); *In Re Bentz Metal Prod. Co., Inc.*, 253 F.3d 283, 286 (7th Cir. 2001).

Section 173(d) of the Labor Management Relations Act states, "Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement."  29 U.S.C. § 173(d).  "That policy can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." *United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 566 (U.S. 1960).  When, as here, the parties have agreed to resolve collective bargaining agreement disputes via arbitration, it is for the arbitrator, not the Court to weigh the merits of the grievance.  *Id.* at 568; *Republic Steel Corp. v. Maddox*, 363 U.S. 564, 566 (1960).  Accordingly, the Court lacks jurisdiction over this matter.

## CONCLUSION

Because the Court lacks jurisdiction over the subject matter of this dispute, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 4) **without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED: September 6, 2007**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**